<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

CHAMBERS OF
**SUSAN D. WIGENTON**
UNITED STATES DISTRICT JUDGE

MARTIN LUTHER KING COURTHOUSE
50 WALNUT ST.
NEWARK, NJ 07101
973-645-5903

February 11, 2026

Philip A. "Felipe" Downey, Esq.
The Downey Law Firm, LLC
P.O Box 399
Sandia Park, NM 08747
*Counsel for Plaintiff*

Matthew R. Parker, Esq.
Steven H. Daniels, Esq.
Schenck Price Smith & King, LLP
220 Park Avenue
Florham Park, NJ 07927
*Counsel for Defendant*

<u>**LETTER OPINION FILED WITH THE CLERK OF THE COURT**</u>

**Re:  *Valverde et al v. Ruiz et al*, Civ. No. 25-12057 (SDW) (JSA)**

Counsel:

Before this Court is Defendant El Encuentro Centro Americano, Inc.'s ("Moving Defendant") Motion to Dismiss Plaintiffs Maximiliano Lopez Valverde and Melissa Ragan ("Plaintiffs") Complaint pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6).  (D.E. 7.) Jurisdiction is proper pursuant to 28 U.S.C. § 1331.  This opinion is issued without oral argument pursuant to Rule 78.  For the reasons stated herein, the Motion to Dismiss is **GRANTED**.

**I.      FACTUAL AND PROCEDURAL BACKGROUND**

This Court writes only for the parties and accordingly limits its discussion of the factual and procedural background to only the facts pertinent to the instant decision.

On August 25, 2024, Plaintiffs dined at El Encuentro Centro Americano (the "Restaurant"), a cafeteria style restaurant in Morristown, New Jersey.  (D.E. 1 ("Compl.") ¶ 7-9.)  While ordering food, Plaintiff Valverde asked one of the Restaurant's servers if there was honey in the barbeque

sauce for the ribs. (*Id.* ¶ 10.) Plaintiff Valverde informed the server that he was allergic to honey, and the server assured him that there was no honey in the barbeque sauce. (*Id.* ¶¶ 10-13.) Plaintiff Valverde then ordered the ribs and consumed them. (*Id.* ¶ 14.) After consuming the ribs, Plaintiff Valverde went into anaphylactic shock and was driven to Morristown Medical Center by Plaintiff Ragan. (Id. ¶¶ 15-16.)

Plaintiff filed the instant lawsuit in this Court on June 24, 2025. The complaint asserts claims for: (1) negligence; (2) gross negligence; (3) violation of the New Jersey Consumer Protection Act, N.J. Stat. Ann. § 56:8-2.10 ("NJCFA"); and (4) bystander emotional distress. Defendant subsequently filed the present Motion to Dismiss seeking to dismiss Counts I and IV.[1] (D.E. 7.) All briefing was timely completed.[2]

## II.    LEGAL STANDARD

To withstand a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

When deciding a motion to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief may be granted, federal courts "must accept all factual allegations in the complaint as true, construe the complaint in the light favorable to the plaintiff," and determine "whether [the] plaintiff may be entitled to relief under any reasonable reading of the complaint." *Mayer*, 605 F.3d at 229. Determining whether a complaint's allegations are "plausible" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. If the "well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint should be dismissed for failing to show "that the pleader is entitled to relief." *Id.* (quoting Fed. R. Civ. P. 8(a)(2)). "[L]abels and conclusions" or a "formulaic recitation of the elements of a cause of action" are insufficient to withstand a motion to dismiss. *Twombly*, 550 U.S. at 555.

## III.    DISCUSSION

### A. Negligence and Gross Negligence (Counts I and II)

Under New Jersey law, a plaintiff asserting claims for negligence and gross negligence must allege the same "four elements: (1) a duty of care, (2) a breach of that duty, (3) actual and proximate causation, and (4) damages." *Jersey Cent. Power & Light Co. v. Melcar Util. Co.*, 59

---

[1] Although Moving Defendant did not move to dismiss Counts II and III, this Court will *sua sponte* dismiss those counts for the reasons stated herein. *See Worster-Sims v. Tropicana Ent., Inc.*, 46 F. Supp. 3d 513, 517 (D.N.J. 2014) (stating that courts have the inherent authority to dismiss claims *sua sponte* for failure to state a claim upon which relief may be granted).

[2] Plaintiffs' opposition failed to provide a table of contents and table of authorities. Moving Defendant also failed to submit a reply to Plaintiff's opposition.

A.3d 561, 571 (N.J. 2013).  A gross negligence claim must be supported by an additional allegation of "a higher degree of negligence"—i.e., that the defendant's "act or failure to act create[d] an unreasonable risk of harm to another because of the person's failure to exercise slight care or diligence." *Steinberg v. Sahara Sam's Oasis, LLC*, 142 A.3d 742, 754 (N.J. 2016).  Here, Plaintiffs merely state that Moving Defendant is liable but does not assert any facts to support a claim of negligence or gross negligence.  Plaintiffs fail to allege that Moving Defendant owed Plaintiffs a duty of care or that Moving Defendant breached any duty owed to Plaintiffs.  Accordingly, Counts I and II are dismissed.

### B.  New Jersey Consumer Fraud Act (Count III)

To state a claim under the NJCFA, a plaintiff must allege that the defendant engaged in an unlawful practice that caused an ascertainable loss to the plaintiff.  *Frederico v. Home Depot*, 507 F.3d 188, 202 (3d Cir. 2007) (citing *Cox v. Sears Roebuck & Co.*, 647 A.2d 454, 462–465 (N.J. 1994).  The NJCFA defines unlawful conduct as:

> [t]he act, use or employment by any person of any unconscionable commercial practice, deception, fraud, false pretense, false promise, misrepresentation, or the knowing, concealment, suppression, or omission, in connection with the sale or advertisement of any merchandise ....

N.J. Stat. Ann. § 56:8–2.  In other words, "unlawful practices fall into one of three general categories: affirmative acts, knowing omissions, and regulatory violations." *Frederico*, 507 F.3d at 202.  Here, Plaintiffs allege that Moving Defendant omitted material information regarding whether the barbeque sauce contained honey.  However, Plaintiff fails to allege that Moving Defendant acted with knowledge or intent to defraud.  *See Cox*, 647 A.2d at 462 ("When the alleged consumer fraud consists of an omission, the plaintiff must show that the defendant acted with knowledge, and intent is an element of the fraud.")  Accordingly, Plaintiffs fail to sufficiently plead a cause of action under the NJCFA.  Therefore, Count III is dismissed.

### C.  Bystander Emotional Distress (Count IV)

Under New Jersey state law, a bystander who observes harm suffered by another may bring a negligent infliction of emotional distress claim if they can show: 1) death or serious physical injury caused by defendant's negligence; 2) a marital or intimate family relationship between the plaintiff and the person injured; 3) observation of the death or injury at the scene of the accident; and 4) resulting severe emotional distress.  *Portee v. Jaffee*, 417 A.2d 521, 528 (N.J. 1980); *see also Hurst v. L.N.K. Int'l, Inc.*, No. 20-1242, 2020 WL 3287147, at *2 (D.N.J. June 18, 2020)).  Here, Plaintiffs fail to set forth a sufficient marital or familial relationship to establish bystander liability.  Although Plaintiffs now assert that they were living together on August 25, 2024, Plaintiffs cannot attempt to cure the complaint's defects in their opposition brief by alleging additional facts.  "[I]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss." *Janowski v. City of N. Wildwood*, 259 F. Supp. 3d 113, 120

3

(D.N.J. 2017) (citing *Com. of Pa. ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988)).  Accordingly, Count IV is dismissed.

## IV.    <u>CONCLUSION</u>

For the reasons set forth above, Moving Defendant's Motion to Dismiss is **GRANTED**. Plaintiffs shall have thirty (30) days to file an amended complaint.  An appropriate order follows.

_____/s/ Susan D. Wigenton_____
**SUSAN D. WIGENTON, U.S.D.J.**

Orig:   Clerk
cc:     Parties
        Jessica S. Allen, U.S.M.J.